1  RACHEL KREVANS (CA SBN 116421)
   (rkrevans@mofo.com)
2  RICHARD S.J. HUNG (CA SBN 197425)
   (rhung@mofo.com)
3  JIAN BIN (BEN) GAO (CA SBN 245734)
   (jgao@mofo.com)
4
   MORRISON & FOERSTER LLP
5  425 Market Street
   San Francisco, California  94105-2482
6  Telephone: 415.268.7000
   Facsimile: 415.268.7522
7
   Attorneys for Defendant
8  YAHOO! INC.

9
               UNITED STATES DISTRICT COURT
10
               NORTHERN DISTRICT OF CALIFORNIA
11
               SAN FRANCISCO DIVISION
12

13
                                                    Case No.   C-09-5386 EDL
14  MODAVOX, INC.,
                                                    **YAHOO! INC.'S MOTION TO
15                  Plaintiff,                      DISMISS COMPLAINT UNDER
                                                    RULE 12(b)(6) FOR FAILURE TO
16         v.                                       STATE A CLAIM, OR IN THE
                                                    ALTERNATIVE, FOR A MORE
17  YAHOO! INC.,                                    DEFINITE STATEMENT UNDER
                                                    RULE 12(e)**
18                  Defendant.
                                                    Judge: Hon. Elizabeth D. Laporte
19                                                  Date: February 23, 2010
                                                    Time: 9:00 AM
20                                                  Place: 450 Golden Gate Ave.
                                                    Courtroom: E
21

22

23

24

25

26

27

28

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 23, 2010 at 9:00 a.m., in Courtroom E of the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Yahoo! Inc. ("Yahoo!") will, and hereby does, move to dismiss Plaintiff Modavox, Inc.'s ("Modavox") Complaint for Patent Infringement ("Complaint" (Dkt. No. 1)) under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim or, in the alternative, to require a more definite statement under Rule 12(e).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In its Complaint, Modavox accuses Yahoo! of both direct and indirect infringement of the two patents-in-suit. Modavox's Complaint fails to state a claim upon which relief can be granted for at least two reasons:

(1) In violation of Rule 8, the Complaint fails to give Yahoo! fair notice of the claims against it. It does not identify the Yahoo! products (or even category of products) that allegedly infringe, but accuses only Yahoo! "products and services" generally.

(2) In violation of Rule 8, the Complaint fails to allege the legal elements and facts supporting its indirect infringement claims.

## II. FACTUAL BACKGROUND

In its Complaint, Modavox alleges that Yahoo! directly and indirectly infringes the two patents-in-suit -- U.S. Patent Nos. 6,594,691 ("the '691 patent") and 7,269,636 ("the '636 patent"). The two causes of action in the Complaint, one for each patent, are identically worded. Regarding direct infringement, each cause of action merely states:

> To the best of Plaintiff's information and belief, Defendants make, use, sell, offer for sale and/or induce others to use in this judicial district, and elsewhere throughout the United States, *products and services* which infringe upon and embody the patented inventions of the ['691 / '636] patent in violation of 35 U.S.C. §271(a).

Complaint ¶¶ 10, 21 (emphasis added).

As for indirect infringement, each cause of action merely states:

> Plaintiff is informed and believes, and on that basis alleges, that Defendants have been *inducing*, and/or *contributing* to the infringement of the ['691 / '636] patent and will continue to *induce* and/or *contribute* to the infringement of the ['691 / '636] patent, in violation of 35 U.S.C. sections 271 (b) and (c), unless enjoined by this Court.

Complaint ¶¶ 12, 23 (emphasis added). The Complaint contains no factual allegations to support these claims.

## III. ARGUMENT

### A. Legal Standard

#### 1. Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. In particular, a motion to dismiss under Rule 12(b)(6) tests whether the plaintiff has satisfied Rule 8's requirement of a "a short and plain statement of the claim showing that the pleader is entitled to relief." The goal of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Adequate notice is required so that the defendant, when faced with a complaint, "know[s] what to answer," rather than "hav[ing] little idea where to begin." *Id*. at 565 n.10.

The Supreme Court has made clear that this "short and plain statement" must "show[]" that Plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing Rule 8(a)(2)). While such a "showing" does not require "detailed factual allegations," it does "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). For this reason, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* Nor will a complaint suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted).

### 2. Rule 12(e)

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed[,] but which is so vague or ambiguous that the party cannot reasonably prepare a response." A more definite statement is warranted when the pleading is "so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1376 (3d ed. 2009).

### B. Modavox Fails to Give Yahoo! Fair Notice of the Claims Leveled Against It by Not Identifying the Accused Product(s).

Modavox's Complaint leaves Yahoo! in the dark as to the infringement allegations against it, or indeed, what wrong Yahoo! supposedly has committed. As to all claims, Modavox identifies the infringing product only as Yahoo!'s "products and services which infringe upon and embody the patented inventions of the ['691/'636] patent" — and nothing more.[1] Complaint ¶¶ 10, 21. In view of the large number of distinct Yahoo! products and services, Yahoo! cannot reasonably begin to answer the Complaint. Modavox cannot expect that Yahoo! will compare each of its hundreds of products and services against each of the claims of the two patents to determine its infringement (or not) — *i.e.*, to carry the burden of performing Modavox's pre-filing investigation under Rule 11. Yahoo! has "little idea where to begin" this unduly burdensome task — the exact evil the "fair notice" requirement was designed to prevent. *Twombly*, 550 U.S. at 565 n.10.

Long before *Twombly* and *Iqbal* heightened the pleading standard in federal courts, various courts have held that vague identification of accused products using generic phrases such as "products and services" is insufficient to state a patent infringement claim. For example, in

---

[1] In a letter to Yahoo! dated April 28, 2009, Modavox identified the "behavioral targeting solution" that Yahoo! allegedly acquired from a company called "Blue Lithium" as allegedly infringing its patents now at issue. Inexplicably, Modavox's Complaint omits that identification and instead accuses Yahoo!'s "products and services" generally. Complaint ¶¶ 10, 21. Yahoo! thus cannot determine whether Modavox intends to accuse the Blue Lithium solutions, Yahoo! products and services other than the Blue Lithium solutions, or both.

1  *Gen-Probe, Inc., v. Amoco Corporation, Inc.*, 926 F. Supp. 948 (S.D. Cal. 1996), the court

2  dismissed a portion of plaintiff's patent infringement claims under Rule 12(b)(6) where the

3  complaint accused only unnamed "products and/or kits." *Id*. at 960 n.19. This allegation was so

4  deficient as to render the complaint "devoid of any reference to infringing products." *Id.* at 962.

5  Accordingly, the complaint "fail[ed] to provide fair notice of the grounds of [those] claims." *Id*.

6  at 961. Similarly, in *Ondeo Nalco Co. v. EKA Chemicals, Inc*., 2002 WL 1458853 (D. Del.

7  2002), the court dismissed an infringement counterclaim under Rule 12(b)(6) that referred only to

8  "Nalco's products, including the 8692 product." *Id*. at 1 n.2 (citation omitted). Like the

9  allegation in *Gen-Probe,* this allegation was "too vague to provide plaintiff with fair notice of

10 which products are accused of infringing defendant's patents." *Id*. at 1.

11     Modavox's "products and services" allegation is no more informative than the allegations

12 in *Gen-Probe* and *Ondeo*. It also should be rejected as insufficient.

13     If the Court is disinclined to dismiss Modavox's claims, the Court should require a more

14 definite statement from Modavox. In particular, Modavox should be required to at least identify

15 the accused products by name. *See, e.g., Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d

16 1122, 1127 (W.D. Wis. 2008) (granting motion for more definite statement because "plaintiff

17 must tell the defendant which products allegedly infringe the plaintiff's patent," but had failed to

18 do so).

19     **C. Modavox Fails to Allege Direct Infringement by a Third Party and Thus Fails to State a Claim for Indirect Infringement.**

20

21     As to its indirect infringement claims, Modavox has failed even to set out conclusory

22 allegations of the legal elements of these claims. Indirect infringement, whether by inducement

23 or contributory infringement, requires an act of direct infringement by a third party. *See Joy

24 Technologies, Inc. v. Flakt, Inc*., 6 F.3d 770, 774 (Fed. Cir. 1993). To be liable for inducement,

25 the indirect infringer must intentionally aid and abet that direct infringement with knowledge of

26 the patent. *See DSU Med. Corp. v. JMS Co., LTD, et al*., 471 F.3d 1293, 1305 (Fed. Cir. 2006)

27 ("In order to induce infringement, there must first be an act of direct infringement and proof that

28 the defendant knowingly induced infringement with the intent to encourage the infringement.")

(citation omitted). To contributorily infringe, the alleged infringer must "know[]" that the accused product is especially adapted for infringing use. 35 U.S.C. § 271(c). Moreover, the plaintiff must show that the product is not "suitable for substantial noninfringing use." *Id.*

Modavox makes no allegation of direct infringement by any third party. It also does not allege that Yahoo! knew of or encouraged any such third-party infringement. As such, Modavox has failed to allege facts sufficient to support a claim for indirect infringement, and its indirect infringement claims should be dismissed. *See Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374, 2 (N.D. Cal. 2009) (applying *Twombly* and *Iqbal* and dismissing patent infringement claims where the indirect infringement allegations "consists of nothing more than a bare assertion" that the accused infringer "has been and is currently, directly and/or indirectly infringing . . ." the patent in suit) (citation omitted).

Alternatively, if the Court is disinclined to dismiss Modavox's complaint, Modavox should be required under Rule 12(e) to provide a more definite statement identifying the third-party direct infringement allegedly supporting its indirect infringement allegations. Modavox also should be required to identify the facts allegedly demonstrating Yahoo!'s scienter, as required for a showing of inducement and contributory infringement.

## IV. CONCLUSION

For the foregoing reasons, Yahoo! respectfully requests that the Court dismiss Modavox's Complaint because its allegations of direct and indirect infringement fail to state a claim under Rule 12(b)(6). Alternatively, Yahoo! requests that Modavox be required to provide a more definite statement of its allegations under Rule 12(e).

Dated: January 15, 2010　　　　　　　　　　MORRISON & FOERSTER LLP

By: /s/ Richard S. J. Hung
　　　Richard S. J. Hung

Attorneys for Defendant
YAHOO! INC.