David R. Shaub (Cal. SBN 032322)
Lisbeth Bosshart (Cal. SBN 201822)
Stephen D. Morgan (Cal. SBN 239345)
SHAUB & WILLIAMS LLP
12121 Wilshire Boulevard, Suite 205
Los Angeles, CA 90025-1165
(310) 826-6678; (310) 826-8042 (fax)

Attorneys for Plaintiff, Modavox, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MODAVOX, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>YAHOO! INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. C-09-5386 CRB<br><br>**SECOND AMENDED COMPLAINT FOR**:<br><br>1. Patent Infringement of U.S. Patent No. 6,594,691<br><br>2. Patent Infringement of U.S. Patent No. 7,269,636<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff, Modavox, Inc. ("Plaintiff" or "Modavox"), by and through its above-referenced attorneys, hereby complains and alleges as follows:

## NATURE OF THE ACTION AND THE PARTIES

1. This is an action against Defendant YAHOO! INC. for patent infringement of Modavox's U.S. Patent No. 6,594,691 ("the '691 patent") and U.S. Patent No. 7,269,636 ("the '636 patent"). A copy of the '691 patent is attached hereto as Exhibit A, and a copy of the '636 patent is attached hereto as Exhibit B.

2. Modavox is, and at all times mentioned herein was, a corporation organized under the laws of Delaware, with its principal place of business in Phoenix, Arizona.

3. Upon information and belief, Defendant Yahoo! is, and at all times mentioned herein was, a corporation organized under the laws of Delaware, with its principal place of business in Sunnyvale, California, which is in Santa Clara County, California.

4. Upon further information and belief, Defendant Yahoo! acquired Blue Lithium in 2007 prior to the alleged acts of infringement herein. Blue Lithium became a division of Yahoo! and thereafter engaged in the infringing acts herein alleged on behalf of Yahoo! Modavox believes that other entities owned by or related to Yahoo! may also be engaging in the infringement of its patents and intends to amend this complaint accordingly.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338 as well as pendent jurisdiction over any state law claims asserted herein pursuant to 28 U.S.C. § 1367(a). Further, this is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. The Court has subject-matter jurisdiction over this action under 28 U.S.C. §1331 and 1338.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because the Defendant resides in this district, has committed acts of infringement in this district and engaged in business dealings in this district by providing interactive websites within this district and/or soliciting sales, contributions, licenses and memberships in this district.

## FIRST CAUSE OF ACTION

**(Patent Infringement of U.S. Patent 6,594,691)**

7. Plaintiff incorporates and realleges paragraphs 1 through 6 as though fully set forth herein.

8. Plaintiff is the assignee of record and the sole owner of all right, title and interest in the '691 patent. The '691 patent application was filed October 28, 1999 and the patent issued July 15, 2003.

(a) The independent claims of the '691 patent all embrace a method to add function to a Web page by enabling upon downloading by a browser of a Web page, dynamic assembly of a code module at a server system with a service response which is tailored to visitor parameters. The method is initiated by a code module embedded in a Web page using a scripting code that, upon download by a visitor's browser, is executed and issues a command to a server system to retrieve a second module. The patented method and system utilizes a computer network to collect visitor information known as parameters from the visitor platform and then to send these parameters to a server system together with the command to retrieve and assemble a code module including a service response, e.g., an advertisement, tailored to those parameters to be sent back to the visitor platform. This is sometimes referred to as a method of behavioral targeting of advertising on the Internet ("the patented method").

(b) This method is described in the patent specification as a method, among other things, to implement an affiliate program. An affiliate program, as described in the patent specification, involves a third party, such as Yahoo! who adds function to a Web site publisher's Web page or pages for the purpose of enhancing revenue, e.g., from ad targeting. (Exhibit A, '691 Patent, Col. 1-2).

9. Based upon information and belief, Defendant has operated and continues to operate a business for profit that uses Plaintiff's technology claimed and described in the '691 patent. Defendant has neither sought nor received authorization to use Plaintiff's patented technology.

10. To the best of Plaintiff's information and belief, Defendant made, used, sold, offered for sale and/or induced others to use in this judicial district, and elsewhere throughout the United States, products and services which infringe upon and embody the patented inventions of the '691 patent in violation of 35 U.S.C. §271(a). Specifically, these "products and services" are comprised of the Blue Lithium behavioral targeting solution previously labeled "Ad Revolver," as well as Yahoo!'s geographical and behavioral ad targeting

technology, to the extent used in Yahoo! Advertising (sometimes collectively termed the "Products and Services" or "Ad Targeting Technology"). More specifically, Yahoo! provided the Blue Lithium behavioral targeting solution, and subsequently Yahoo! provided its Yahoo! Advertising consisting of its geographical and behavioral targeting technology through Internet software and hardware systems that have added and continue to add function to a web site publisher's web page or pages for the purpose of enhancing revenue from ad targeting, and that reads upon the Patented Method of Modavox. The exact names of the Products and Services cannot be specifically identified because the names now used by Yahoo! for its targeted advertising are generic, rather than branded, like Blue Lithium, and can be changed at any time. Thus, Yahoo!'s present Products and Services can only be described by what has been observed. Specifically, the only due diligence that can be accomplished by Plaintiff at this juncture of litigation is the investigation of publicly available and viewable information on the Internet or by reverse engineering. Modavox has engaged in both viewing publicly available information and reverse engineering and has constructed claim charts based on this information which tracked and recorded Defendant's Ad Targeting Technology in order to establish Modavox's claims for infringement of its patents. In order to go further and validate what Modavox has found in its investigation and has tracked and recorded in its claim charts, there must be discovery.

As a result of Modavox's due diligence investigations and its reverse engineering of the Blue Lithium and Yahoo!'s Ad Targeting Technology, there exists evidentiary support for its belief that Yahoo!'s Blue Lithium Ad Targeting Technology and its present Ad Targeting Technology have infringed, and continue to infringe, Modavox's patents. Plaintiff is informed and believes it is likely to have additional validating evidentiary support for its allegations after it has a reasonable opportunity for further investigation and discovery. The evidence of infringement that has been publicly available prior to the filing of this action and this amended complaint was gathered by Plaintiff as well as independent experts engaged by Plaintiff and/or its counsel. The principal evidence is comprised of claim chart analyses based upon recording

4     **SECOND AMENDED COMPLAINT**

the HTML and JavaScript code as seen from viewing and tracking its execution upon downloading Web pages published by customers of Blue Lithium acting for Yahoo! and subsequently of Yahoo! itself. The customers were identified as deploying the Ad Targeting Technology of Blue Lithium and Yahoo! Advertising, respectively, that appeared to infringe the Patented Method of Modavox.

In September 2007, one of these web pages was viewed from www.minglenow.com and was seen to display a Blue Lithium ad upon downloading the web page that was generated by Blue Lithium's adrevolver.com virtual domain, which Plaintiff is informed and believes was registered to Yahoo.com after its acquisition of Blue Lithium. The method tracked the steps of one of Modavox's '691 patent claims and the viewable HTML and JavaScript code was recorded by a Modavox's expert. Before the filing of the complaint in this action on November 16, 2009, new claim charts were completed in September 2009. On that occasion, the web page was viewed from www.KnoxNews.com. It was seen to display a Yahoo! Advertising ad upon downloading the web page that was generated by a Yahoo! domain, yieldmanager.net, controlled by five domain name servers at Yahoo.com. The method tracked the steps of one or more of Modavox's patent claims, including its '691 patent, and the viewable HTML and the JavaScript code were recorded by a Modavox expert. Again, before the filing of the First Amended Complaint on February 4, 2010, one of Plaintiff's experts viewed the above web page again and found that it still appeared to infringe Modavox's '691 patent in the same manner.

(a) Plaintiff found and memorialized in its claim charts that upon downloading the Web page, a first code module comprised of JavaScript, a scripting language, was placed in the Web page, built a variable of visitor parameters, issued a first command to retrieve a second code module on a server system, where it appeared to assemble a second code module with a service response dependent on the variables in the parameters. While the retrieval and assembly was not viewable from the code running on the Web page, Plaintiff tested the actions on the server system by changing the geographic variables of the Web page Javascript command and then viewing and recording delivery of different advertisements. The

5 **SECOND AMENDED COMPLAINT**

actual operation of the Blue Lithium and Yahoo! Advertising Ad Targeting Technology on the server side cannot be further studied without access to non-publicly available information. Nevertheless, Plaintiff and its experts observed that the Blue Lithium and Yahoo! Avertising Ad Targeting Technology appeared to perform all the steps of one or more claims of Plaintiff's Patented Method, including the '691 patent.

 (b) Plaintiff further studied Yahoo! announcements of placing an ad targeting system as an affiliate program on Yahoo! Web sites published by Yahoo! customers and also on its own sites. Plaintiff also studied other Yahoo! customer Web pages and observed the same HTML and JavaScript code executing in the same manner.

 (c) Plaintiff formed a belief from these investigations that Yahoo! was infringing Plaintiff's '691 patent claims because it performs and/or has control over performance of each of these steps in its Ad Targeting Technology through control of its own Web pages or contracts with its Web page customers.

 11. Defendant will continue to infringe the '691 patent in violation of 35 U.S.C. §271(a), unless enjoined by this Court.

 12. Plaintiff is informed and believes, and on that basis further alleges, that Defendant has been inducing, and/or contributing to the infringement of the '691 patent and will continue to induce and/or contribute to the infringement of the '691 patent, in violation of 35 U.S.C. sections 271 (b) and (c), unless enjoined by this Court. There exists evidentiary support for such belief and Plaintiff is informed and believes it is likely to have additional evidentiary support for its allegations after it has a reasonable opportunity for further investigation and discovery.

 (a) Subsequent to the receipt of the cease and desist letter sent in April of 2009, Defendant was placed on notice of the asserted patents in the Complaint and this amended complaint. As alleged above, Plaintiff formed the belief from its investigations that Yahoo! was infringing Plaintiff's patent claims by, among other things, exerting control over performance of each of its steps in its Ad Targeting Technology through contracts with Web page customers.

6  **SECOND AMENDED COMPLAINT**

Moreover, as alleged above, Defendant has previously announced its intent to place its Ad Targeting Technology as an affiliate program on Web sites published by Yahoo! customers. Plaintiff's claim chart showed the name of Yahoo!'S Ad Targeting Technology, specifically "Ad Revolver," in the code that was running and, as herein alleged, showed that the observed method appeared to perform all the steps of one or more claims of Plaintiff's Patented Method, including the '691 patent.

(b) In those instances where Yahoo! customers were or are not under Yahoo!'s control or were or are not agents of Yahoo! for the delivery of Yahoo!'s Ad Targeting Technology but nevertheless perform the steps of Plaintiff's patented method, Plaintiff has observed evidence of pervasive advertising by Yahoo! prior to the filing of the Complaint and this amended complaint where Yahoo! actively encouraged Web page publishers to use its Ad Targeting Technology. Yahoo! offered its Ad Targeting Technology to induce its customers to utilize it on their Web pages even where they performed those steps based upon the use, selection and/or configuration by Yahoo! of its Ad Targeting Technology.

(c) Plaintiff is informed and believes that Yahoo! has knowingly induced these customers to perform such steps as members of its publisher's network, resulting in shared revenue from advertising. Plaintiff believes that Yahoo! knew or should have known that these induced acts would actually infringe upon Plaintiff's patent.

(d) Alternatively, Plaintiff is informed and believes that the evidence found in its pre-filing investigations established at a minimum that there has existed a substantial connection between Yahoo! and its customers so that in the aggregate the resulting conduct covers all the infringing steps of Plaintiff's method.

13. As a direct and proximate consequence of Defendant's acts of infringement, Plaintiff has been irreparably injured. Unless such acts and practices are preliminarily and permanently enjoined by this Court, Plaintiff will continue to suffer additional and irreparable injury.

14. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. §283.

15. As a direct and proximate consequence of Defendant's acts of infringement, Plaintiff has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty due to the infringing acts by Defendant, and lost profits due to loss of sales, profits, and potential sales that Plaintiff would have made but for the infringing acts and practices of Defendant for which Plaintiff is entitled to relief pursuant to 35 U.S.C. §284.

16. On April 28, 2009, Defendant Yahoo was given actual notice of its infringement of the '691 patent through a cease and desist letter. The letter notified the CEO of Yahoo! that the '691 patented invention described and claimed by the Modavox patents relates to methods and systems for delivery of selected content from a network to a web page visitor. It advised Yahoo! that when it acquired Blue Lithium in the fall of 2007, it announced its intent to add Blue Lithium's behavioral targeting solution to Yahoo!'s ad targeting approach to e-advertising that involved targeting for Internet marketers and Web site publishers by delivery of ads based upon behavioral, contextual and demographic visitor parameters and preferences. Plaintiff further asserted that analysis of Web sites affiliated with Blue Lithium revealed that its technology resulted in customized content delivery accomplished in a manner which fell within the scope of one or more claims of each of its patents. Plaintiff concluded that based upon its experts' findings, Yahoo! was infringing claims of its '691 patent.

17. Defendant's infringement of the '691 patent has been and continues to be willful and deliberate, in disregard of Plaintiff's rights in the '691 patent.

## SECOND CAUSE OF ACTION

**(Patent Infringement of U.S. Patent 7,269,636)**

18. Plaintiff incorporates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff MODAVOX is the assignee of record and the sole owner of all right, title and interest in the '636 patent. The '636 patent is a continuation of the '691 patent. The

8    **SECOND AMENDED COMPLAINT**

'636 patent issued September 11, 2007. It has a priority date of October 28, 1999, the date when Plaintiff's '691 patent application was filed.

(a) The independent claims of the '636 patent all embrace a method to add function to a Web page by enabling upon downloading by a browser of a Web page, dynamic assembly of a code module at a server system with a service response which is tailored to visitor parameters. The method is initiated by a code module embedded in a Web page using a scripting code that, upon download by a visitor's browser, is executed and issues a command to a server system to retrieve a second module. The patented method and system utilizes a computer network to collect visitor information known as parameters from the visitor platform and then to send these parameters to a server system together with the command to retrieve and assemble a code module including a service response, e.g., an advertisement, tailored to those parameters, to be sent back to the visitor platform. This is sometimes referred to as a method of behavioral targeting of advertising on the Internet ("the patented method").

(b) This method is described in the patent specification as a method, among other things, to implement an affiliate program. An affiliate program, as described in the patent specification, involves a third party, such as Yahoo! who adds function to a Web site publisher's Web page or pages for the purpose of enhancing revenue, e.g., from ad targeting. (Exhibit A, '691 Patent, Col. 1-2).

20. Based upon information and belief, Defendant has operated and continues to operate a business for profit that uses Plaintiff's technology claimed and described in the '636 patent. Defendant has neither sought nor received authorization to use Plaintiff's patented technology.

21. To the best of Plaintiff's information and belief, Defendant made, used, sold, offered for sale and/or induced others to use in this judicial district, and elsewhere throughout the United States, products and services which infringe upon and embody the patented inventions of the '636 patent in violation of 35 U.S.C. §271(a). Specifically, these

9 **SECOND AMENDED COMPLAINT**

"products and services" are comprised of the Blue Lithium behavioral targeting solution previously labeled "Ad Revolver," as well as Yahoo! Advertising, to the extent it has utilized geographical and behavioral ad targeting technology (sometimes collectively termed the "Products and Services" or "Ad Targeting Technology"). More specifically, Yahoo! provided the Blue Lithium behavioral targeting solution, and subsequently Yahoo! provided its Yahoo! Advertising consisting of its geographical and behavioral targeting technology through Internet software and hardware systems that have added and continue to add function to a web site publisher's web page or pages for the purpose of enhancing revenue from ad targeting, and that reads upon the Patented Method of Modavox. The exact names of the Products and Services cannot be specifically identified because the names now used by Yahoo! for its targeted advertising are generic, rather than branded, like Blue Lithium, and can be changed at any time. Thus, Yahoo!'s present Products and Services can only be described by what has been observed. Specifically, the only due diligence that can be accomplished by Plaintiff at this juncture of litigation is the investigation of publicly available and viewable information on the Internet or by reverse engineering. Modavox has engaged in both viewing publicly available information and reverse engineering and has constructed claim charts based on this information which tracked and recorded Defendant's Ad Targeting Technology in order to establish Modavox's claims for infringement of its patents. In order to go further and validate what Modavox has found in its investigation and has tracked and recorded in its claim charts, there must be discovery.

As a result of Modavox's due diligence investigations and its reverse engineering of the Blue Lithium and Yahoo!'s Ad Targeting Technology, there exists evidentiary support for its belief that Yahoo!'s Blue Lithium Ad Targeting Technology and its present Ad Targeting Technology have infringed, and continue to infringe, Modavox's patents. Plaintiff is informed and believes it is likely to have additional validating evidentiary support for its allegations after it has a reasonable opportunity for further investigation and discovery. The evidence of infringement that has been publicly available prior to the filing of this action and this amended

complaint was gathered by Plaintiff as well as independent experts engaged by Plaintiff and/or its counsel. The principal evidence is comprised of claim chart analyses based upon recording the HTML and JavaScript code as seen from viewing and tracking its execution upon downloading Web pages published by customers of Blue Lithium acting for Yahoo! and subsequently of Yahoo! itself. The customers were identified as deploying the Ad Targeting Technology of Blue Lithium and Yahoo! Advertising, respectively, that appeared to infringe the Patented Method of Modavox.

In September 2007, one of these web pages was viewed from www.minglenow.com and was seen to display a Blue Lithium ad upon downloading the web page that was generated by Blue Lithium's adrevolver.com virtual domain, which Plaintiff is informed and believes was registered to Yahoo.com after its acquisition of Blue Lithium. The method tracked the steps of one of Modavox's '636 patent claims and the viewable HTML and JavaScript code was recorded by a Modavox's expert. Before the filing of the complaint in this action on November 16, 2009, new claim charts were completed in September 2009. On that occasion, the web page was viewed from www.KnoxNews.com. It was seen to display a Yahoo! Advertising ad upon downloading the web page that was generated by a Yahoo! domain, yieldmanager.net, controlled by five domain name servers at Yahoo.com. The method tracked the steps of one or more of Modavox's patent claims, including its '636 patent, and the viewable HTML and the JavaScript code were recorded by a Modavox expert. Again, before the filing of the First Amended Complaint on February 4, 2010, one of Plaintiff's experts viewed the above web page again and found that it still appeared to infringe Modavox's '636 patent in the same manner.

    (a)    Plaintiff found and memorialized in its claim charts that upon downloading the Web page, a first code module comprised of JavaScript, a scripting language, was placed in the Web page, built a variable of visitor parameters, issued a first command to retrieve a second code module on a server system, where it appeared to assemble a second code module with a service response dependent on the variables in the parameters. While the retrieval and assembly was not viewable from the code running on the Web page, Plaintiff

tested the actions on the server system by changing the geographic variables of the Web page Javascript command and then viewing and recording delivery of different advertisements. The actual operation of the Blue Lithium and Yahoo! Advertising Ad Targeting Technology on the server side cannot be further studied without access to non-publicly available information. Nevertheless, Plaintiff and its experts observed that the Blue Lithium and Yahoo! Avertising Ad Targeting Technology appeared to perform all the steps of one or more claims of Plaintiff's Patented Method, including the '636 patent.

    (b)    Plaintiff further studied Yahoo! announcements of placing an ad targeting system as an affiliate program on Yahoo! Web sites published by Yahoo! customers and also on its own sites. Plaintiff also studied other Yahoo! customer Web pages and observed the same HTML and JavaScript code executing in the same manner.

    (c)    Plaintiff formed a belief from these investigations that Yahoo! was infringing Plaintiff's '636 patent claims because it performs and/or has control over performance of each of these steps in its Ad Targeting Technology through control of its own Web pages or contracts with its Web page customers.

22.    Defendant will continue to infringe the '636 patent in violation of 35 U.S.C. §271(a), unless enjoined by this Court.

23.    Plaintiff is informed and believes, and on that basis further alleges, that Defendant has been inducing, and/or contributing to the infringement of the '636 patent and will continue to induce and/or contribute to the infringement of the '636 patent, in violation of 35 U.S.C. sections 271 (b) and (c), unless enjoined by this Court. There exists evidentiary support for such belief and Plaintiff is informed and believes it is likely to have additional evidentiary support for its allegations after it has a reasonable opportunity for further investigation and discovery.

    (a)    Subsequent to the receipt of the cease and desist letter sent in April of 2009, Defendant was placed on notice of the asserted patents in the Complaint and this amended complaint. As alleged above, Plaintiff formed the belief from its investigations that Yahoo! was

infringing Plaintiff's patent claims by, among other things, exerting control over performance of each of its steps in its Ad Targeting Technology through contracts with Web page customers. Moreover, as alleged above, Defendant has previously announced its intent to place its Ad Targeting Technology as an affiliate program on Web sites published by Yahoo! customers. Plaintiff's claim chart showed the name of Yahoo!'S Ad Targeting Technology, specifically "Ad Revolver," in the code that was running and, as herein alleged, showed that the observed method appeared to perform all the steps of one or more claims of Plaintiff's Patented Method, including the '636 patent.

(b) In those instances where Yahoo! customers were or are not under Yahoo!'s control or were or are not agents of Yahoo! for the delivery of Yahoo!'s Ad Targeting Technology but nevertheless perform the steps of Plaintiff's patented method, Plaintiff has observed evidence of pervasive advertising by Yahoo! prior to the filing of the Complaint and this amended complaint where Yahoo! actively encouraged Web page publishers to use its Ad Targeting Technology. Yahoo! offered its Ad Targeting Technology to induce its customers to utilize it on their Web pages even where they performed those steps based upon the use, selection and/or configuration by Yahoo! of its Ad Targeting Technology.

(c) Plaintiff is informed and believes that Yahoo! has knowingly induced these customers to perform such steps as members of its publisher's network, resulting in shared revenue from advertising. Plaintiff believes that Yahoo! knew or should have known that these induced acts would actually infringe upon Plaintiff's patent.

(d) Alternatively, Plaintiff is informed and believes that the evidence found in its pre-filing investigations established at a minimum that there has existed a substantial connection between Yahoo! and its customers so that in the aggregate the resulting conduct covers all the infringing steps of Plaintiff's method.

24. As a direct and proximate consequence of Defendant's acts of

13 **SECOND AMENDED COMPLAINT**

infringement, Plaintiff has been irreparably injured. Unless such acts and practices are preliminarily and permanently enjoined by this Court, Plaintiff will continue to suffer additional and irreparable injury.

25. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. §283.

26. As a direct and proximate consequence of Defendant's acts of infringement, Plaintiff has suffered, and continues to suffer, damages, in an amount not yet determined, of at least a reasonable royalty due to the infringing acts by Defendant, and lost profits due to loss of sales, profits, and potential sales that Plaintiff would have made but for the infringing acts and practices of Defendant for which Plaintiff is entitled to relief pursuant to 35 U.S.C. §284.

27. On April 28, 2009, Defendant Yahoo! was given actual notice of its infringement of the '636 patent through a cease and desist letter. The letter notified the CEO of Yahoo! that the '636 patented invention described and claimed by the Modavox patents relates to methods and systems for delivery of selected content from a network to a web page visitor. It advised Yahoo! that when it acquired Blue Lithium in the fall of 2007, it announced its intent to add Blue Lithium's behavioral targeting solution to Yahoo!'s ad targeting approach to e-advertising that involved targeting for Internet marketers and Web site publishers by delivery of ads based upon behavioral, contextual and demographic visitor parameters and preferences. Plaintiff further asserted that analysis of Web sites affiliated with Blue Lithium revealed that its technology resulted in customized content delivery accomplished in a manner which fell within the scope of one or more claims of each of its patents. Plaintiff concluded that based upon its experts' findings, Yahoo! was infringing claims of its '636 patent.

28. Defendant's infringement of the '636 patent has been and continues to be willful and deliberate, in disregard of Plaintiff's rights in the '636 patent.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### ON THE FIRST AND SECOND CAUSES OF ACTION

1. That this Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. §283 restraining, prohibiting and enjoining Defendant and its agents, employees and any person in active concert or participation with Defendant or who are acting under its direction, who receive actual notice of the injunction through personal service or otherwise, from making, using selling and offering for sale the product and service known as Blue Lithium, as well and Yahoo! Advertising,, to the extent it utilizes geographical and behavioral targeting technology, which said products infringe the '691 or '636 patents;

2. That this Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. §283 restraining, prohibiting and enjoining Defendant and its agents, employees and any person in active concert or participation with Defendant or who are acting under its direction, who receive actual notice of the injunction through personal service or otherwise, from inducing or contributing to the infringement of the '691 or '636 patents;

3. That this Court grant judgment in favor of Plaintiff and award damages to Plaintiff adequate to compensate for the infringement by Defendant of the '691 and '636 patents in an amount to be determined at trial, but in no event less than a reasonable royalty;

4. That it be adjudged that Defendant's infringement of the '691 and '636 patents has been willful and that this Court enhance the award of damages for willful infringement, up to three times the amount of damages found, pursuant to 35 U.S.C. §284;

5. That this Court order against Defendants an assessment of interest on the damages so computed, and an assessment of costs, pursuant to 35 U.S.C. §284;

6. That this Court issue a declaration that this case is exceptional pursuant to 35 U.S.C. §285 and accordingly order an award of attorneys' fees and costs in this action.

15     **SECOND AMENDED COMPLAINT**

7. That this Court afford Plaintiff such other and further relief as the Court deems equitable and just.

Dated: March 25, 2010

SHAUB & WILLIAMS LLP

By: _____
David R. Shaub,
Attorneys for Plaintiff,
MODAVOX, INC.

SHAUB & WILLIAMS LLP
12121 WILSHIRE BLVD. STE 205
LOS ANGELES CA, 90025
(310) 826-6678 FAX (310) 826-8042
LAWFIRM@SW-LAW.COM

**DEMAND FOR JURY TRIAL**

Plaintiff MODAVOX, INC. hereby demands a jury trial as provided by Rule 38(a-b) of the Federal Rules of Civil Procedure.

March 25, 2010

SHAUB & WILLIAMS, LLP

By: _____
David R. Shaub,
Attorneys for Plaintiff,
MODAVOX, INC.