1  [SEE SIGNATURE PAGE FOR COUNSEL]

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12                                              Case No.    C-09-5386 CRB

AUGME TECHNOLOGIES, INC.,
13                                              **RENEWED JOINT CASE
                    Plaintiff,                  MANAGEMENT STATEMENT**
14
          v.
15
YAHOO! INC.,
16
                    Defendant.
17

18

19                  <u>**JOINT CASE MANAGEMENT STATEMENT**</u>

20          Plaintiff Augme Technologies, Inc. (previously, Modavox, Inc.) and Defendant Yahoo!

21  Inc. jointly submit this Renewed Case Management Statement and Proposed Order under Civil

22  Local Rule 16-9(a), Patent Local Rule 2-1(a), and pursuant to the Court's March 17, 2010 Order

23  Rescheduling Case Management Conference.

24  **1.      Jurisdiction and Service:**

25          This Court has subject matter jurisdiction over Augme's claims under 28 U.S.C. §1338(a)

26  because this case involves a claim of patent infringement under 35 U.S.C. § 271.  Venue is proper

27  in this court under 28 U.S.C. § 1391(b).  Yahoo! has been served.

28

1    **2.     Facts:**

2           Augme (then Modavox, Inc.) filed this suit on November 16, 2009.  In its original

3    Complaint, Modavox alleged that Yahoo! directly and indirectly infringes the two asserted

4    patents -- U.S. Patent Nos. 6,594,691 ("the '691 patent") and 7,269,636 ("the '636 patent").  The

5    two patents are respectively entitled "Method and system for adding function to a web page" and

6    "Method and code module for adding function to a Web page."  In its original Complaint,

7    Modavox further alleged that it is the sole and lawful owner of the asserted patents and that

8    Yahoo!'s products and services are infringing.

9           Yahoo! filed a motion to dismiss or, in the alternative, for a more definite statement on

10   January 15, 2010.  In response, Modavox filed a First Amended Complaint on February 4, 2010.

11   On February 26, 2010, Yahoo! filed a renewed motion for a more definite statement.  The basis

12   for Yahoo!'s two motions was that Modavox's Complaints failed to identify the accused products

13   with specificity, and thus did not provide fair notice to Yahoo! of the claims against it.  The

14   Parties thereafter conferred, agreed, and jointly requested that Modavox be allowed to file a

15   Second Amended Complaint and that Yahoo!'s renewed motion be taken off calendar.  The Court

16   granted the Parties' requests on March 30, 2010 and accepted Modavox's Second Amended

17   Complaint.  Yahoo! is scheduled to file its response to the Second Amended Complaint on April

18   12, 2010.

19          On March 30, 2010, the Court granted Modavox's request to change the case caption,

20   replacing Plaintiff's prior corporate name, Modavox, Inc., with its new corporate name, Augme

21   Technologies, Inc.

22   **3.     Legal Issues:**

23          The currently known factual and legal issues have been set forth in the previous section.

24   **4.     Motions:**

25          Plaintiff may file a motion for summary judgment and/or adjudication of infringement.

26          Depending on the products that Augme accuses of infringement, Yahoo! may file an early

27   summary judgment motion for non-infringement.  Yahoo! anticipates moving for summary

28   judgment of invalidity for one or more claims of the asserted patents.

**5.     Amendment to Pleadings:**

A proposed deadline for amending the pleadings appears below.  This deadline (and all other proposed deadlines, below) largely follow the Patent Local Rules.

**6.     Evidence Preservation:**

Each party represents that it has taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action, based on currently available information.  The parties currently are conferring regarding the preservation of data relating to the Blue Lithium platform.

**7.     Disclosures:**

The parties intend to make their respective Initial Disclosures by the deadline provided below.

**8.     Discovery:**

(a)     <u>Generally</u>:  The parties intend to pursue discovery by taking depositions and by serving document requests, interrogatories, and requests for admission.

(b)     <u>Interrogatories</u>:  Parties may serve up to 25 interrogatories each.

(c)     <u>Requests for Admission</u>:  There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents.  Aside from requests to authenticate documents, each party may serve up to 50 additional requests for admission.  Requests for admission directed to document authentication shall be clearly denoted as such.

(d)     <u>Depositions of Parties and Third-Parties</u>:  Augme proposes that the parties follow the presumptive limit of 10 seven-hour depositions per side specified in the Federal Rules of Civil Procedure.  Yahoo! proposes a limit of 70 total hours of depositions per side, including individual, third party, and Rule 30(b)(6) depositions, but excluding expert depositions.

(e)     <u>Depositions of Experts</u>:  Depositions of expert witnesses shall be limited to 7 hours per witness.  The parties reserve the right to revisit the issue of the length of expert depositions as discovery progresses.  If any party requests more than 7 hours for any particular expert, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention by the Court.

(f)     Document Subpoenas on Third-Parties:  The parties may serve as many document subpoenas on third-parties and as many depositions on written questions of custodians of business records of third-parties as needed.

(g)     Protective Order:  The parties have agreed to meet and confer on Plaintiff's suggested additions to the Northern District's default protective order.

(h)     Electronic Discovery:  The parties have agreed to meet and confer regarding the form of electronic discovery and the manner of production of source code and related data.

**9.     Class Actions.**

This case is not a class action.

**10.     Related Cases.**

On August 9, 2007, Modavox filed a patent infringement suit against Tacoda, Inc. in the Southern District of New York.  *See Modavox, Inc. v. Tacoda, Inc*. (No. 07-CV-7088) ("Tacoda litigation").  In the Tacoda action, Modavox has alleged that Tacoda, Inc. is directly and indirectly infringing the '691 and '636 patents.  The Court issued an interim claim construction ruling on March 25, 2009.

On September 10, 2008, Modavox filed a patent infringement suit against AOL, LLC, Time Warner, Inc., and Platform-A, Inc., in the Central District of California.  *See Modavox, Inc. v. AOL LLC, Time Warner, Inc. & Platform-A, Inc.,* (No. 2:08-CV-05914) ("AOL litigation).  On Defendants' motion, the AOL litigation was transferred to the Southern District of New York and remains pending there as Case No. 1:09-cv-04299.  In the AOL litigation, Modavox has alleged that AOL LLC and Platform-A, Inc. infringe its trademarks "Boombox Radio" and "Boombox" and that all defendants directly and indirectly infringe the '691 and '636 patents.  A motion by Defendants to consolidate the AOL litigation with the Tacoda litigation was denied.  The patent related claims in the AOL litigation were stayed on January 7, 2010, pending the outcome of the Tacoda litigation.  The trademark related claims were not stayed.

**11.     Relief:**

(a)     Augme asks the Court to:

       (i)      grant preliminary and permanent injunctive relief;

       (ii)     award damages in an amount to be proven at trial, but not less than a reasonable royalty;

       (iii)    declare that Defendant's infringement is willful and award triple damages for willful infringement;

       (iv)    award interest on damages, along with costs;

       (v)     declare that this case is exceptional under 35 U.S.C. § 285 and award attorneys' fees and costs; and

       (vi)    further relief as the Court deems equitable and just.

    (b)    Yahoo! has not yet answered the Second Amended Complaint, but expects to request relief in its Answer.

**12.    Settlement and ADR.**

The parties have filed their respective ADR certifications pursuant to ADR L.R. 3-5 and selected mediation as the ADR process.

**13.    Consent to Magistrate Judge for All Purposes.**

The parties did not stipulate to proceed before a magistrate judge for all purposes.

**14.    Other References:**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:**

The Court's claim construction ruling may narrow or dispose of certain claims or defenses.  Additionally, Yahoo! believes that this action may be amenable to early resolution by summary judgment motion, depending on the products and services that Augme is accusing of infringement.  Augme believes this action may be amenable to early resolution by motion for summary judgment and/or summary adjudication.

**16.    Expedited Schedule:**

The parties do not believe that this case is appropriate for expedited handling using streamlined procedures.

**17.     Scheduling:**

| Proposed Dates | Court Order | Event/Authority |
|---|---|---|
| April 9, 2010 | | Initial Case Management Conference<br>[Civil L.R. 16-10; February 16, 2010 Case Management Conference Order] |
| April 16, 2010 | | Initial Disclosures<br>[FRCP 26(a)(1)] |
| May 7, 2010 | | Disclosure of Asserted Claims & Infringement Contentions & accompanying document production<br>[Patent L.R. 3-1 & 3-2 (14 days after Initial Case Management Conference) with stipulated additional 14 days] |
| July 5, 2010 | | Invalidity Contentions & accompanying document production<br>[Patent L.R. 3-3 & 3-4 (45 days after Patent L.R. 3-1 and 3-2 Disclosures) with stipulated additional 14 days] |
| July 19, 2010 | | Parties to exchange Proposed Terms & Claim Elements for Construction<br>[Patent L.R. 4-1(a) (14 days after Patent L.R. 3-3 Contentions)] |
| August 9, 2010 | | Parties to exchange Preliminary Claim Constructions<br>[Patent L.R. 4-2(a) (21 days after Patent L.R. 4-1 Disclosures)] |
| September 3, 2010 | | Parties to file Joint Claim Construction & Prehearing Statement; parties to exchange expert declarations or other disclosures on claim construction for any experts who will submit declarations or testify regarding claim construction at the Claim Construction Hearing.<br>[Patent L.R. 4-3 (60 days after Patent L.R. 3-3 Contentions)] |
| October 3, 2010 | | Claim Construction Discovery Cut-Off<br>[Patent L.R. 4-4 (30 days after Patent L.R. 4-3 Statement)] |
| October 25, 2010 | | Plaintiff to file Opening Brief on Claim Construction<br>[Patent L.R. 4-5(a) (45 days after Patent L.R. 4-3 Statement) with stipulated additional 7 days] |
| November 22, 2010 | | Defendant to file Responsive Brief on Claim Construction<br>[Patent L.R. 4-5(b) (Responsive Brief 14 days after Opening Brief) with stipulated additional 7 days] |

| Proposed Dates | Court Order | Event/Authority |
|---|---|---|
| December 13, 2010 | | Plaintiff to file Reply Brief on Claim Construction<br>[Patent L.R. 4-5 (c) (Reply Brief 7 days after Responsive Brief) with stipulated additional 7 days] |
| January 10, 2010 | | Court conducts Claim Construction (*Markman*) Hearing<br>[Patent L.R. 4-6 (2 weeks after Reply Brief)] |
| 30 days after *Markman* Order | | Last day for joinder of additional parties & amendment to pleadings |
| 30 days after *Markman* Order | | Opening expert reports on topics for which a party bears the burden of proof |
| 50 days after *Markman* Order | | Plaintiff to produce or make available for inspection & copying all documents relating to an opinion of counsel supporting any defense to a claim of willful infringement as to which Plaintiff agree privilege has been waived<br>[Patent L.R. 3-7 (50 days after *Markman* Order)] |
| 60 days after *Markman* Order | | Expert reports on topics for which a party does not bear the burden of proof |
| 60 days after *Markman* Order | | Fact discovery cut-off |
| 90 days after *Markman* Order | | Expert discovery cut-off |
| May 27, 2011 | | Last day for hearing dispositive motion(s) |
| June 24, 2011 | | Pretrial Disclosure<br>[FRCP 26(a)(3)] |
| June 24, 2011 | | Parties to file motions in limine |
| July 8, 2011 | | Objections to Pretrial Disclosure<br>[FRCP 26(a)(3) (14 days after Pretrial Disclosure)] |
| July 8, 2011 | | Parties to file oppositions to motions in limine |
| July 15, 2011 | | Final Pretrial Conference<br>[FRCP 16(b)] |
| July 29, 2011 | | Trial |

**18. Trial.** The parties have requested a jury trial. The expected trial length is approximately two weeks.

1

**19.  Disclosure of Non-Party Interested Entities or Persons.**  The parties have filed

2

Certifications of Interested Entities or Persons, as required by Civil L.R. 3-16 and Fed. R. Civ. P.

3

7.1.  Neither party currently has an interest to report under those rules.

4

**20.  Other Matters.**  Except as noted above, the parties are unaware of other matters that

5

may facilitate the just, speedy, and inexpensive disposition of this matter.

6

7

Dated:  April 2, 2010                                    Respectfully submitted,

8

               By:  /s/ David R. Shaub

                  David R. Shaub (Cal. SBN 032322)

9

                  Lisbeth Bosshart Cal. SBN 201822)

                  Stephen D. Morgan (Cal. SBN 239345)

10

                  SHAUB WILLIAMS LLP

                  12121 Wilshire Boulevard, Suite 205

11

                  Los Angeles, CA 90025-1165

                  Telephone: (310) 826-6678

12

                  Facsimile: (310) 826-8042

                  Email: lawfirm@sw-law.com

13

14

               Attorneys for Plaintiff

               AUGME TECHNOLOGIES, INC.

15

16

               By:  /s/ Rachel Krevans

                  Rachel Krevans (CA SBN 116421)

17

                  Richard S.J. Hung (CA SBN 197425)

                  Jian Bin (Ben) Gao (CA SBN 245734)

18

                  MORRISON & FOERSTER

                  425 Market Street

19

                  San Francisco, CA 94105

                  Telephone: 415-268-7000

20

                  Facsimile: 415-268-7522

                  Email: rkrevans@mofo.com

21

               Attorneys for Defendant YAHOO! INC.

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DECLARATION OF CONSENT**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Plaintiff Augme Technologies, Inc. and Defendant Yahoo! Inc.

Dated: April 2, 2010

By: /s/   Jian Bin Gao

1

### [PROPOSED] ORDER

2      The Court hereby adopts the Case Management Statement.  The Court additionally orders:

3

4

5

6

7

8

9      Dated:  April _____, 2010

10                                By: _____
                                       Honorable Charles R. Breyer
11                                     Judge of the United States District Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28