| | |
|---|---|
| 1 | RACHEL KREVANS (CA SBN 116421) |
| | (rkrevans@mofo.com) |
| 2 | RICHARD S.J. HUNG (CA SBN 197425) |
| | (rhung@mofo.com) |
| 3 | DANIEL P. MUINO (CA SBN 209624) |
| | (dmuino@mofo.com) |
| 4 | JIAN BIN (BEN) GAO (CA SBN 245734) |
| | (jgao@mofo.com) |
| 5 | MORRISON & FOERSTER LLP |
| | 425 Market Street, 32d Floor |
| 6 | San Francisco, California 94105-2482 |
| | Telephone:  (415) 268-7000 |
| 7 | Facsimile:  (415) 268-7522 |
| 8 | Attorneys for Defendant YAHOO! INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| AUGME TECHNOLOGIES, INC., | | Case No.   C-09-5386 JCS |
| Plaintiff, | | **YAHOO! INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED ANSWER WITH ADDITIONAL COUNTERCLAIMS AND TO JOIN WORLD TALK RADIO, LLC AS A COUNTERCLAIM DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | | |
| YAHOO! INC., | | |
| Defendant. | | |
| | | Date:  January 7, 2011 |
| | | Time:  9:30 am |
| | | Courtroom:  A, 15th Floor |
| | | Judge:  Hon. Joseph C. Spero |

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on January 7, 2011, at 9:30 a.m., before the Honorable Joseph C. Spero, in courtroom A, 15th floor of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Yahoo! Inc. will, and hereby does, move, pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court's May 12, 2010 Case Management and Pretrial Order (Docket No. 50), and Civil Local Rules 7-1 and 7-2, for leave to file the attached amended Answer to the Second Amended Complaint to assert counterclaims for patent infringement against Plaintiff Augme Technologies, Inc. ("Augme"), and to join World Talk Radio, LLC ("World Talk Radio") as a counterclaim defendant.[1]  This motion is based on the Memorandum of Points and Authorities submitted herewith, the accompanying Gilfoil Declaration and the exhibits thereto, the pleadings, records, and files herein, and such other and further evidence and arguments as the Court may properly consider at the hearing on the motion.

**RELIEF SOUGHT**

Yahoo! respectfully requests that the Court enter an order granting Yahoo!'s motion for leave to file the proposed amended Answer and to join World Talk Radio as a counterclaim defendant.

**ISSUE TO BE DECIDED**

Whether Yahoo! should be granted leave to file the proposed amended Answer and to join World Talk Radio as a counterclaim defendant.

---

[1] The proposed amended Answer is attached to the accompanying Declaration of J. Ryan Gilfoil in Support of Yahoo! Inc.'s Motion for Leave to File Amended Answer ("Gilfoil Decl.") as Exhibit A.  The proposed amended Answer also renames Yahoo!'s previously-asserted counterclaims for declaratory judgment to avoid confusion with its proposed new counterclaims for patent infringement.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendant Yahoo! seeks leave to amend its Answer to assert counterclaims for infringement of U.S. Patent Nos. 7,512,622 (the "'622 Patent") and 7,640,320 (the "'320 Patent") (collectively, the "Counterclaim Patents") against Plaintiff Augme (creator of the two infringing websites), and to join World Talk Radio (an Augme spin-off company recently established to operate the infringing websites) as a counterclaim defendant.[2] The amendments would not prejudice Augme, because this case is only in the initial stages of claim construction, no depositions and only minimal discovery have taken place, and the Court has not yet set a trial date. Moreover, as the Counterclaim Patents relate to technology similar to that claimed in the present patents-in-suit, litigating the Counterclaim Patents in this suit would preserve judicial and jury resources.

Joining World Talk Radio in this action is also proper because World Talk Radio is an Augme spin-off company created to operate the infringing websites, World Talk Radio's infringing websites employ Augme's infringing technology, and World Talk Radio shares the revenue from its infringing activity with Augme. Resolving Yahoo!'s claims against World Talk Radio in this action would obviate the need for a separate lawsuit and would provide consistent construction of the Counterclaim Patents. Yahoo!'s motion for leave to amend its answer should thus be granted.

**BACKGROUND**

**A.  Status of the Present Litigation**

Augme filed the present suit against Yahoo! on November 16, 2009, alleging infringement of U.S. Patent Nos. 6,594,691 (the "'691 Patent") and 7,269,636 (the "'636 Patent") (collectively,

---

[2] Yahoo!'s '622 and '320 Patents are attached to Yahoo!'s proposed amended Answer, Gilfoil Decl. Ex. A, as Appendices A and B, respectively.

the "Patents-in-Suit"). The Patents-in-Suit relate to technology for providing media, such as streaming radio, on a webpage.

The Joint Claim Construction Statement is not due until March 4, 2011. Claim construction briefing will conclude May 31, 2011, with no date yet set for the *Markman* hearing. The deadline to amend pleadings is 30 days after the Court's *Markman* order — thus, the earliest possible deadline for amended pleadings is July 2011. (Docket Nos. 48, 50, 85.)

The only documents that the parties have produced are a small number of prior art references and documents pertaining to infringement and invalidity contentions.[3] The parties have taken no depositions and no trial date is set.

### B. Background of World Talk Radio

Augme's Internet Radio division formerly operated the "World Talk Radio Network" and "VoiceAmerica" Internet radio websites at www.worldtalkradio.com and www.voiceamerica.com. (Augme 2009 10-K, Gilfoil Decl. Ex. B, at 7-8, 16.)[4] On December 31, 2009, Augme spun off its Internet Radio division's business operations to World Talk Radio, a company created to operate the "World Talk Radio Network" and "VoiceAmerica" sites. (Augme 2010 10-K, Gilfoil Decl. Ex. C, at 6.) World Talk Radio is "owned and operated by VoiceAmerica co-founder and ten year veteran Jeff Spenard, the former President of [Augme's] Internet Radio [division] and former Board Member of [Augme]." (*Id.*) The websites continue to utilize Augme's BoomBox technology, just as before. (Augme 2009 10-K, Gilfoil Decl. Ex. B, at 4.) According to Augme's SEC filings, Augme retains "a perpetual royalty as a percentage of gross revenue generated by" World Talk Radio. (*Id.* at 25.)

---

[3] Both parties recently served requests for production and interrogatories, responses to which are due in mid-December.

[4] Augme was formerly known as Modavox, Inc.

### C. The Proposed Amendments

Yahoo! seeks leave to amend its answer to assert counterclaims for Augme's infringement of the Counterclaim Patents, and to join World Talk Radio as a counterclaim defendant. The Counterclaim Patents relate to technologies for providing media, including streaming radio, over a network such as the Internet. In the proposed amended Answer, Yahoo! alleges that Augme's "BoomBox" Internet media technology, including a streaming video website employing that technology at www.boomboxvideo.net, infringes the Counterclaim Patents. Yahoo! further alleges that World Talk Radio infringes the Counterclaim Patents through its Internet radio websites, including the "World Talk Radio Network" and "VoiceAmerica" sites that it acquired from Augme. Augme's SEC filings state that the "World Talk Radio Network" and "VoiceAmerica" sites continue to employ Augme's BoomBox technology. (Augme 2009 10-K, Gilfoil Decl. Ex. B, at 4 (Augme "operates" the "BoomBox Radio model . . . at VoiceAmerica and World Talk Radio"; "BoomBox Radio has been used by [Augme] . . . to sustain and grow . . . VoiceAmerica").)

## ARGUMENT

### I. LEAVE TO AMEND YAHOO!'S ANSWER SHOULD BE GRANTED

Federal Rule of Civil Procedure 15(a) instructs that courts "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit and the Northern District of California apply this policy of favoring amended pleadings with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotations and citations omitted). The burden is on the party opposing the motion to convince the court that justice requires denial. *Genentech, Inc v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (Patel, J.).

Courts typically consider four factors in determining whether to grant leave to amend: (1) undue prejudice to the nonmovant if the amendment were allowed; (2) movant's undue delay in seeking to amend; (3) movant's bad faith; and (4) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs*, 833 F.2d at 186. None of these factors is present here.

### A. Augme Will Not Be Unduly Prejudiced by the Proposed Amendments

Augme will not be unduly prejudiced if Yahoo! files its amended answer and counterclaims. "'Undue prejudice' means substantial prejudice or substantial negative effect" such as an amendment that would "'greatly alter[] the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Hip Hop Beverage Corp. v. RIC Representacoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003) (citation omitted).

Under similar facts, another California district court held that no undue prejudice would result from amendment and granted leave to amend. In *SAES Getters S.p.A. v. Aeronex, Inc.*, a patent infringement defendant sought leave to amend its answer to assert a patent infringement counterclaim and to join a counterclaim defendant. 219 F. Supp. 2d 1081, 1087 (S.D. Cal. 2002). The court rejected plaintiff's argument that the amendment would cause prejudice. *Id.* at 1094, 1096. The case was "in the earliest stages of litigation," little discovery had been taken, and the court did not anticipate that the amendments would delay the trial. *Id.* at 1083, 1094, 1096. The court was "not persuaded" that the additional infringement counterclaims would be "any more confusing to a jury than the innumerable patent cases" dealing with complex technology. *Id.* at 1094. Moreover, the court held that the "economy" of joining the counterclaim patent — which related to subject matter similar to the original patent-in-suit — outweighed any purported difficulties associated with joinder. *Id.*

Here, similarly, this case is at an early stage. The Joint Claim Construction Statement is not due for three months, and the parties have taken no depositions and have exchanged few documents. Further, under the present schedule, the deadline for amended pleadings remains at least seven months away.[5] The proposed joinder would not delay the trial, as no trial date is set.

---

[5] The earliest possible *Markman* order could be issued in June 2011, thus the deadline for amended pleadings is July 2011 at the earliest.

Moreover, consistent with *SAES Getters*, the proposed infringement counterclaims would not cause a significant shift in the litigation, as both the Counterclaim Patents and the Patents-in-Suit relate to common subject matter: streaming media over the Internet. *E.g.*, Augme's '691 Patent at 12:56-63 (providing example of adding streaming radio player to a webpage); Yahoo!'s '622 Patent, Gilfoil Decl. Ex. A App'x A, at claim 10 (claiming invention "wherein the media content comprises streaming media"); Yahoo!'s '320 Patent, Gilfoil Decl. Ex. A App'x B, at title ("Method and System for Managing Digital Content, Including Streaming Media"). Litigating the Counterclaim Patents in this suit would thus have the added benefit of minimizing the need to re-educate a jury about that technology.

There is nothing unusual about multi-patent litigation, with each side asserting its own patents. *See, e.g.*, *Signtech USA, Ltd. v. Vutek, Inc.*, 174 F.3d 1352, 1354 (Fed. Cir. 1999) (concerning patent infringement lawsuit with infringement counterclaims); *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1204 (Fed. Cir. 1991) (same). Courts favor consolidation of infringement claims and counterclaims as a way to prevent multiple lawsuits. *E.g.*, *SAES Getters*, 219 F. Supp. 2d at 1094 ("economy of trying two patents at once" outweighed other considerations). Indeed, Judge Patel has *required* a patent infringement defendant to join its infringement claims rather than pursue them in a separate suit, to avoid "wasted resources," among other things. *Collaboration Props., Inc. v. Tandberg ASA*, 2006 U.S. Dist. LEXIS 13968, at *12-15 (N.D. Cal. Mar. 29, 2006) (granting defendant leave to amend answer to add certain counterclaims on condition that defendant also joined other patent infringement claims and dismissed parallel infringement suit).

Augme also cannot claim to be surprised by Yahoo!'s intention to assert infringement counterclaims; Augme has been on notice of Yahoo!'s intention since at least June 10, 2010, when Yahoo!'s counsel sent Augme a letter notifying it that Augme's websites "may have practiced or be practicing the inventions disclosed in the '622 Patent." (Letter from R. Hung to J. Lawson of June 10, 2010, Gilfoil Decl. Ex. D.)

World Talk Radio's presence in the lawsuit would also not prejudice Augme, as Augme will face no greater burden in defending against Yahoo!'s proposed counterclaims with an

additional co-defendant, and may even realize savings from cost-sharing. That is especially the case because World Talk Radio's infringing websites employ Augme's infringing technology and, further, were until recently *owned* by Augme. Augme cannot show prejudice, let alone undue prejudice, under these circumstances.

### B. Yahoo! Did Not Unduly Delay in Moving to Amend

It is well settled that "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). In any event, there has been no undue delay here. Yahoo! recently completed its investigation of Augme's and World Talk Radio's infringing technologies, and promptly moved to amend its Answer based on that investigation. The deadline for amended pleadings is at least seven months in the future, and the parties have taken little discovery. Yahoo! has not delayed in moving to amend.

### C. There Is No Suggestion of Bad Faith on Yahoo!'s Part

A party acts in bad faith where the party "seek[s] to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). There is nothing in this case that could support such a finding as to Yahoo!.

### D. Yahoo!'s Amendments Are Not Futile

Finally, according to the Ninth Circuit, a proposed amendment is futile only if no set of facts that can be proven under the amendment would constitute a valid claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The facts Yahoo! alleges in its proposed amended Answer — that Augme and World Talk Radio infringe the Counterclaim Patents — plainly give rise to a valid claim for relief. As Augme can show *none* of the factors that could justify denial of Yahoo!'s motion, leave to amend should be granted.

## II. JOINDER OF WORLD TALK RADIO AS A COUNTERCLAIM DEFENDANT IS PROPER AND WOULD PRESERVE JUDICIAL RESOURCES

Joinder of World Talk Radio as a counterclaim defendant is also proper under the applicable Rules. Federal Rule of Civil Procedure 20 governs permissive joinder of a counterclaim defendant. Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."). Under Rule 20(a)(2), joinder of a defendant is

appropriate where (1) the "right to relief . . . aris[es] out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Rule 20 "is to be construed liberally in order to . . . prevent[] multiple lawsuits." *League To Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

Both elements of Rule 20(a)(2) are met. Moreover, consistent with the Ninth Circuit's aim in construing Rule 20, resolving Yahoo!'s claims against World Talk Radio in this action would avoid the need for a separate lawsuit, and would prevent the attendant risk of inconsistent claim constructions. *See id.*

### A. Yahoo!'s Right to Relief Against Augme and World Talk Radio Arises from the Same Transaction or Occurrence

The same transaction or occurrence element is met because World Talk Radio is simply an Augme spin-off company operating the same infringing websites ("VoiceAmerica" and "World Talk Radio Network") employing the same infringing Augme "BoomBox" technology. (Augme 2009 10-K, Gilfoil Decl. Ex. B, at 4.) Augme only recently — at the end of 2009 — spun off those websites to World Talk Radio, which continues to operate them, and Augme continues to receive revenue from World Talk Radio's operation of the websites. (Augme 2010 10-K, Gilfoil Decl. Ex. C, at 6, 25.) Accordingly, the "VoiceAmerica" and "World Talk Radio Network" websites may give rise to infringement liability by both Augme (as, among other things, the entity that made and sold the infringing underlying technology) and World Talk Radio (as, among other things, the entity that purchased and uses the infringing technology). *See Privasys, Inc. v. Visa Int'l*, 2007 U.S. Dist. LEXIS 86838, at *4-10 (N.D. Cal. Nov. 14, 2007) (Illlston, J.) ("same transaction" element met where plaintiff sought to join both supplier and customers of infringing technology).

### B. Yahoo!'s Right to Relief Against Augme and World Talk Radio Involves Common Questions of Law or Fact

Yahoo!'s right to relief from Augme and World Talk Radio also involves multiple common questions of law or fact. For one example, whether the "VoiceAmerica" and "World Talk Radio Network" websites infringe the Counterclaim Patents will be at issue for both Augme

1 and World Talk Radio because, as set forth above, both entities would be liable for that
2 infringement. For another example, the validity of the Counterclaim Patents will be at issue for
3 both Augme and World Talk Radio.

          **C.     Joinder of World Talk Radio Would Prevent Multiple Lawsuits**

Finally, resolving Yahoo!'s claims against World Talk Radio in this action would preserve judicial resources. If World Talk Radio is not joined in this action, Yahoo! will need to file a separate lawsuit against that entity. A separate lawsuit would, of course, consume additional resources, and moreover would present a risk of inconsistent constructions of the Counterclaim Patent across the lawsuits. *Cf. SAES Getters*, 219 F. Supp. 2d at 1094 (allowing joinder while emphasizing "the importance of ensuring that the patents are interpreted in a consistent manner"). As both elements of Rule 20(a)(2) are met, and joinder of World Talk Radio as a counterclaim defendant is the most judicially efficient approach, Yahoo!'s motion should be granted.

## CONCLUSION

Yahoo! respectfully requests that the Court enter an order granting Yahoo!'s motion for leave to file the proposed amended Answer and to join World Talk Radio as a counterclaim defendant.

Dated: December 3, 2010          MORRISON & FOERSTER LLP

By:  */s/ Richard S.J. Hung*
      Richard S.J. Hung

Attorneys for Defendant
YAHOO! INC.