**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

April 7, 2011

Writer's Direct Contact
415.268.7178
RKrevans@mofo.com

*Via E-Mail & First Class Mail*

The Honorable Joseph C. Spero
Magistrate Judge
U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Augme Technologies v. Yahoo!*, Case No. C-09-5386 JCS

Dear Judge Spero:

I am writing to update the Court regarding the scope of claim construction briefing and Yahoo!'s anticipated motion practice.  The parties have agreed to submit and brief ten terms for construction at the August 11, 2011 *Markman* hearing:  Items 1-6, 15-16, 18, and 21 of the Joint Claim Construction Statement.  These terms include three means-plus-function terms (15-16 and 21) that Yahoo! contends are indefinite.

Yahoo! believes that three additional means-plus-function terms are indefinite and should be considered by the Court at the same time.  Those terms are as follows:

- "means for providing a comment tag informing said Web browser to ignore said initiating means" (JCCS Item 14);

- "means for communicating second information characterizing said client machine to said server system" (JCCS Item 17); and

- "means for receiving, from said second processor platform, first information related to said Web browser and second information related to said second processor platform, said processor being in communication with said receiving means" (JCCS Item 22).

All six of these means-plus-function terms appear in claims 19 and 25 of the '691 Patent.

sf-2975790

MORRISON | FOERSTER

The Honorable Joseph C. Spero
April 7, 2011
Page Two


Yahoo! intends to move for summary judgment of invalidity of '691 claims 19 and 25 due to indefiniteness based on these six terms.  Yahoo! proposes to file its motion such that it could be briefed on a schedule that does not interfere with *Markman* briefing, but that permits the indefiniteness motion to be heard on the same date as the *Markman* hearing.

We are cognizant of the Court's instruction that no more than ten terms will be construed as part of this *Markman* proceeding, absent leave of court.  We do not believe Yahoo!'s indefiniteness motion would exceed the Court's ten-term limit, as the motion would simply ask the Court to conclude that the specification does not disclose an algorithm for performing the function recited by each of the six terms, as required by *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339 (Fed. Cir. 1999).  That conclusion does not depend on full-blown claim construction.  Moreover, the "means for communicating" limitation set forth above (JCCS Item 17) is nearly identical to another "means for communicating" limitation that the parties have agreed should be construed.  (*See* JCCS Item 16.)  Finally, Yahoo!'s indefiniteness arguments would be claim-dispositive as to each and every of the six terms at issue, and are thus critical to resolving this case.

For all of these reasons, Yahoo! respectfully requests that the Court hear its indefiniteness summary judgment motion together with the *Markman* issues.

Sincerely,


*/s/ Rachel Krevans*
Rachel Krevans
Attorney for Defendant Yahoo! Inc.


cc:   Gregory Bishop and Erica Wilson
      Attorneys for Plaintiff Augme Technologies, Inc.


Dated: April 20, 2011

DENIED
Judge Joseph C. Spero
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

sf-2975790