United States District Court
Northern District of California

Augme Technologies, Inc.,

        Plaintiff,

  v.

Yahoo! Inc.,

        Defendant.

Case No.: 3:09-cv-05386-JCS

**ORDER GRANTING MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b) [Dkt. No. 340].**

## I. INTRODUCTION

Before the Court is a Motion filed by Augme Technologies, Inc. ("Augme") requesting the Court to declare final judgment on Augme's infringement claims against Yahoo! Inc. ("Yahoo!") pursuant to Federal Rule of Civil Procedure 54(b). On August 8, 2012, this Court granted summary judgment in favor of Yahoo! on Augme's claims that Yahoo! infringed two of its patents. Yahoo! has one counterclaim pending before the Court alleging that Augme has infringed one of its own patents, and on this basis, opposes Augme's Rule 54(b) Motion. This Motion is appropriate for decision without oral argument pursuant to Local Rule 7-1(b). The hearing scheduled for November 2, 2012 at 9:30a.m. is vacated. For the reasons set forth below, the Court GRANTS Augme's motion for separate and final judgment pursuant to Rule 54(b).[1]

## II. BACKGROUND

On November 16, 2009, Augme filed a lawsuit against Yahoo! alleging infringement of the Augme's U.S. Patent Nos. 6,594,691 ("the '691 patent") and 7,269,636 ("the '636 patent") (collectively "the Augme patents"). Dkt. No. 1. On December 21, 2010, Yahoo! filed counterclaims against Augme alleging infringement of Yahoo!'s U.S. Patent Nos. 7,512,622 ("the

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

'622 patent") and 7,640,320 ("the '320 patent") (collectively "the Yahoo! patents"). Dkt. No. 91. Litigation of the Augme claims and Yahoo! counterclaims has progressed on different schedules. The Court held separate claim construction hearings for the Augme patents and the Yahoo! patents. *See* Dkt. Nos. 185, 216. During the claim construction hearing on the Yahoo! patents, the Court stated that the claims and counterclaims would be tried separately. Declaration of Gregory S. Bishop in Support of Augme's Motion for Entry of Judgment Pursuant to Rule 54(b) ("Bishop Decl.") Ex. 1 (transcript of proceedings) at 86. On January 6, 2012, the Court ordered separate schedules and separate trials for the Augme and Yahoo! patents. *See* Dkt. No. 220.

On August 8, 2012, the Court granted Yahoo!'s motion for summary judgment and denied Augme's motion for partial summary judgment regarding Augme's claims of infringement. *See* Dkt. Nos. 333, 335. The infringing instrumentalities of the Augme patents were alleged to be Yahoo!'s behavioral targeting of advertising on the internet. The Court granted summary judgment in favor of Yahoo! on the basis that the accused products lack a "service response" (*Id.* at 11-13) and an "embedded first code module" (*Id.* at 13-20), two claims in Augme's patents.

After granting summary judgment on Augme's claims, the parties filed a stipulation, which the Court granted, to dismiss with prejudice Yahoo!'s counterclaim of infringement of the '622 patent. *See* Dkt. Nos. 337-38. Yahoo!'s counterclaim of infringement of the '320 patent remains pending before the Court. The '320 patent is entitled "Method and apparatus for organizing and playing data" and is generally directed to methods for displaying a media interface to a user. Dkt. No. 91 at 14. Yahoo!'s motion hearing is set for March 15, 2013, and trial is scheduled to begin June 17, 2013. *See* Dkt. No. 220.

On September 28, 2012, Augme filed the instant Motion requesting the Court to enter final judgment pursuant to Rule 54(b). Augme intends to appeal this Court's decision and contends there is "no just reason for delay." Fed.R.Civ.P. 54(b). Yahoo! opposes Augme's Motion on the basis that its pending counterclaim involves technological issues that overlap with Augme's claims, and thus, it would be more efficient to allow both of the parties' claims to ultimately proceed on appeal together.

//

### III. DISCUSSION

In general, the Federal Circuit reviews only final orders and decisions of a district court. *See* 28 U.S.C. § 1295(a)(1). However, Rule 54(b) allows district courts to certify a partial final judgment for the purpose of appeal by directing entry of final judgment as to one or more, but fewer than all, of the claims if the there is an express determination that there is no just reason for delay. *See* Fed.R.Civ.P. 54(b). The Supreme Court has established a two-step process for district courts to determine whether certification of a claim in a multiple claims action under Rule 54(b) is warranted. *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). First, the judgment must be final with respect to one or more claims. *See id.* A district court's judgment is final where it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Second, "the district court must go on to determine whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8. This is a discretionary judgment where courts "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once." *W.L. Gore & Assocs. Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992) (citing *Curtiss-Wright*, 446 U.S. at 8). In addition to administrative interests, courts consider the equities involved. *Curtiss-Wright*, 446 U.S. at 8. Where a counterclaim remains pending, its "significance for Rule 54(b) purposes turns on their interrelationship with the claims on which certification is sought." *Id.* at 9.

Having considered the foregoing factors, the Court finds that certifying Augme's claims for appeal to the Federal Circuit under Rule 54(b) is warranted. Granting summary judgment in favor of Yahoo! was a final judgment with respect to the Augme claims. Moreover, there is no just reason to delay Augme's appeal to the Federal Circuit. Yahoo! bases its opposition to Augme's Rule 54(b) Motion on its counterclaim, but this Court already decided that Yahoo!'s counterclaim of infringement of the '320 patent is separable from Augme's claims of infringement of the '691 and '636 patents, and severed litigation accordingly. Even if the '320 patent and the Augme patents share common technology and products, Yahoo! has not identified

one legal or factual issue the Federal Circuit will have to decide more than once. *See W.L. Gore*, 975 F.2d at 862. There are no claims in Yahoo!'s patent which overlap with this Court's construction of the relevant claims in the Augme patents, namely, the "service response" and the "embedded first code module." Although some courts may deny a Rule 54(b) Motion when one patent remains pending, this Court finds that the distinct coverage of the patents in this case, as well as the equities involved, weigh in Augme's favor to certify Augme's claims for appeal to the Federal Circuit.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Augme's Motion for final judgment pursuant to Rule 54(b).

IT IS SO ORDERED.

Dated: October 29, 2012

_____
Joseph C. Spero
United States Magistrate Judge