[COMPLETE LIST OF COUNSEL ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUGME TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> YAHOO! INC., <br><br> Defendant. | Case No. C-09-5386 JCS <br><br> **STIPULATION TO STAY TAXABLE COSTS PENDING FINAL DETERMINATION ON APPEAL** <br><br> Judge: Hon. Joseph C. Spero |
| YAHOO! INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> AUGME TECHNOLOGIES, INC. and WORLD TALK RADIO, LLC, <br><br> Counterclaim Defendants. | |

1    Pursuant to Civil L. R. 7-12 and 54, the parties, through their undersigned counsel, hereby

2  stipulate, subject to the Court's approval, as follows:

3    WHEREAS, on December 17, 2012, Yahoo! Inc. ("Yahoo!") and Augme Technologies, Inc.

4  ("Augme") stipulated that $140,321.28 in costs is properly taxable against Augme, pertaining to

5  Augme's patent infringement claims and Yahoo!'s counterclaims of invalidity, and on December 19,

6  2012, the Court entered an order taxing the stipulated costs. (ECF Nos. 367, 371);

7    WHEREAS, on December 27, 2012, Yahoo!, Augme, and World Talk Radio LLC ("WTR")

8  stipulated that $22,664.33 in costs is properly taxable against Augme and WTR, pertaining to

9  Yahoo!'s patent infringement claims, and on January 2, 2013, the Court entered an order taxing the

10 stipulated costs. (ECF Nos. 377, 378);

11   WHEREAS, on February 4, 2013, counsel for Augme and Yahoo! met and conferred

12 regarding Augme's request to stay costs;

13   WHEREAS, following these discussions, Augme agrees to secure an irrevocable line of

14 credit ("ILOC") naming Yahoo! as the beneficiary and, in exchange for this security, Yahoo! agrees

15 to stay costs pending a final determination on appeal.

16   THEREFORE, Yahoo! and Augme stipulate and request as follows:

17   1.   That Augme, through Wells Fargo Bank, provide an ILOC with a three year term,

18 naming Yahoo! as the beneficiary in an amount equal to 125% of taxable costs ($203,732.01).

19   2.   That the ILOC is intended to secure an amount equal to the taxable costs

20 ($162,985.61) plus an amount sufficient to cover statutory interest.

21   3.   That the ILOC include the following drawing statement as a prerequisite to Yahoo!

22 accessing the funds:

23
> Yahoo! Inc. requests a draw down on the line of credit based on either (1) a final
> determination, with no further right of appeal, in favor of Yahoo! Inc. in the matter of
> *Augme Technologies, Inc. v. Yahoo! Inc*., No. 09-5386 (N.D. Cal. Aug. 8, 2012),
> appeals docketed, No. 13-1121 (Fed. Cir. Dec. 19, 2012) and No. 13-1195 (Fed. Cir.
> Feb. 6, 2013) in the Federal Circuit, or (2) on Augme's declaration of bankruptcy
> before a final determination.

27   4.   That Yahoo! may not draw down the line of credit unless and until there is either a

28 final determination, with no further right of appeal, in favor of Yahoo! in the matter of Augme

Technologies, Inc. v. Yahoo! Inc., No. 09-5386 (N.D. Cal. Aug. 8, 2012), appeals docketed, No. 13-1121 (Fed. Cir. Dec. 19, 2012) and No. 13-1195 (Fed. Cir. Feb. 6, 2013) in the Federal Circuit, or a declaration of bankruptcy by Augme before a final determination.

5. That if the judgment on appeal is in favor of Augme, Yahoo! shall, within a reasonable period of time, contact Wells Fargo Bank and cancel the ILOC.

6. That if Yahoo! draws down the line of credit in the event of Augme's bankruptcy, Yahoo! shall return the amount drawn if Augme ultimately prevails on appeal.

7. In the event that the ILOC expires before there is a final determination in favor of either party, Augme agrees to either renew the ILOC or secure a new line of credit on the same terms.

It is so STIPULATED.

Dated:   March 29, 2013                                Respectfully submitted,

By: */s/ Gregory S. Bishop*
   Thomas J. Scott Jr. (*pro hac vice*)
   tscott@goodwinprocter.com
   Jennifer A. Albert (*pro hac vice*)
   jalbert@goodwinprocter.com
   GOODWIN PROCTER LLP
   901 New York Avenue NW
   Washington, DC  20001
   Tel.:  202.346.4000; Fax:  202.346.4444

   Gregory S. Bishop (184680)
   gbishop@goodwinprocter.com
   Charles F. Koch (256683)
   ckoch@goodwinprocter.com
   Daniel Willis Richards (280595)
   drichards@goodwinprocter.com
   Ruchi W. Kwatra (270905)
   rkwatra@goodwinprocter.com
   GOODWIN PROCTER LLP
   135 Commonwealth Drive
   Menlo Park, CA  94025-1105
   Tel.:  650.752.3100; Fax:  650.853.1038

   Michael G. Strapp (*pro hac vice*)
   GOODWIN PROCTER LLP
   Exchange Place
   53 State Street
   Boston, MA  02109
   Tel.:  617.570.1000; Fax:  617.523.1231

|  |  |
|---|---|
|  | Attorneys for Plaintiff and Counterclaim Defendant AUGME TECHNOLOGIES and Counterclaim Defendant WORLD TALK RADIO, LLC |

Dated: March 29, 2013

By: /s/   John K. Blake, Jr.
Rachel Krevans (116421)
rkrevans@mofo.com
Richard S.J. Hung (197425)
rhung@mofo.com
Daniel P. Muino (209624)
dmuino@mofo.com
J. Ryan Gilfoil (246493)
jgilfoil@mofo.com
John K. Blake, Jr. (262906)
jblake@mofo.com
MORRISON & FOERSTER LLP
425 Market Street, 32nd Floor,
San Francisco, California 94105-2482
Tel.: 415.268.7000
Fax: 415.268.7522

Attorneys for Defendant and Counterclaim Plaintiff YAHOO! INC.

Dated: April 1, 2013

[SEAL: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Joseph C. Spero]

**ATTESTATION OF E-FILED SIGNATURES**

I, Gregory S. Bishop, am the ECF User whose ID and Password are being used to file this STIPULATION TO STAY TAXABLE COSTS PENDING FINAL DETERMINATION ON APPEAL.  In compliance with Civ. L.R. 5-1(i)(3), I hereby attest that John K. Blake, Jr. has concurred to its filing.


Dated:   March 29, 2013

By: /s/   Gregory S. Bishop
       Gregory S. Bishop

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 29, 2013.

Dated: March 29, 2013

By: */s/   Gregory S. Bishop*
    Gregory S. Bishop